AO 245B (Rev 12/03) Criminal Judgment Sheet 1

# UNITED STATES DISTRICT COURT
### District of New Mexico

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br>**Devon Lynn Townsend** | **Judgment in a Criminal Case**<br><br>(For Offenses Committed On or After November 1, 1987)<br>Case Number: **1:07CR01363-001WJ**<br>USM Number: **32297-051**<br>Defense Attorney: **Ray Twohig** |

THE DEFENDANT:

☒ pleaded guilty to count(s) **1-3 of Information**
☐ pleaded nolo contendere to count(s)
☐ after a plea of not guilty was found guilty on count(s)

The defendant is adjudicated guilty of these offenses:

| Title and Section | Nature of Offense | Offense Ended | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. Sec. 2261A(2)(A) | Stalking | 11-16-2006 | 1 |
| 18 U.S.C. Sec. 2701(a)(1)/(2), 18 U.S.C. Sec. 2701(b)(1)(A) | Unlawful Access to Stored Communication | 03-30-2006 | 2 |

The defendant is sentenced as specified in pages 2 through **6** of this judgment. The sentence is imposed under the Sentencing Reform Act of 1984. The Court has considered the United States Sentencing Guidelines and, in arriving at the sentence for this Defendant, has taken account of the Guidelines and their sentencing goals. Specifically, the Court has considered the sentencing range determined by application of the Guidelines and believes that the sentence imposed fully reflects both the Guidelines and each of the factors embodied in 18 U.S.C. § 3553(a). The Court also believes that the sentence is reasonable and provides just punishment for the offense.

☐ The defendant has been found not guilty on count .
☐ Count   dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

| | |
|---|---|
| **Bernalillo** | **2/20/2008** |
| County of Residence | Date of Imposition of Judgment |
| | **/s/ William P. Johnson** |
| | Signature of Judge |
| | **Honorable William P. Johnson**<br>**United States District Judge** |
| | Name and Title of Judge |
| | **4/17/2008** |
| | Date Signed |

AO 245B (Rev. 12/03) Sheet 1 - Judgment in a Criminal Case

Judgment - Page 2 of 6

Defendant: **Devon Lynn Townsend**
Case Number: **1:07CR01363-001WJ**

## ADDITIONAL COUNTS OF CONVICTION

| Title and Section | Nature of Offense | Offense Ended | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. Sec. 2319A | Unauthorized Fixation of and Trafficking in Sound Recordings | 11-01-2006 | 3 |

AO 245B (Rev. 12/03) Sheet 2 - Imprisonment

Judgment - Page 3 of 6

Defendant: **Devon Lynn Townsend**
Case Number: **1:07CR01363-001WJ**

# IMPRISONMENT

The defendant is committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **24 months**.

**A term of 24 months is imposed as to each of Counts 1 through 3; said terms shall run concurrently.**

☒   The court makes these recommendations to the Bureau of Prisons:

> **The Court recommends the Camp at FCI Phoenix, AZ, if eligible and any mental health counseling that may be available to the Defendant.**

☐   The defendant is remanded to the custody of the United States Marshal.

☐   The defendant must surrender to the United States Marshal for this district:

   ☐   at  on

   ☐   as notified by the United States Marshal.

☒   The defendant must surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☐   before 2 p.m. on

   ☒   as notified by the United States Marshal

   ☐   as notified by the Probation or Pretrial Service Office.

# RETURN

I have executed this judgment by:

Defendant delivered on _____ to

_____ at _____ with a Certified copy of this judgment.

_____
UNITED STATES MARSHAL

_____
Deputy United States Marshal

AO 245B (Rev. 12/03) - Sheet 3 - Supervised Release                                                    Judgment - Page 4 of 6

Defendant: **Devon Lynn Townsend**
Case Number: **1:07CR01363-001WJ**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 years** .

**A term of 3 years is imposed as to each of Counts 1 through 3; said terms shall run concurrently.**
The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons. The defendant shall not commit another federal, state, or local crime. The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐  The above drug testing condition is suspended based on the courts determination that the defendant possesses a low risk of future substance abuse. (Check, if applicable.)
☒  The defendant shall not possess a firearm, ammunition, destructive device, or any dangerous weapon. (Check, if applicable.)
☒  The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable).
☐  The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable)
☐  The defendant shall participate in an approved program for domestic violence. (Check, if applicable)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of probation that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.
The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page (if indicated below).

## STANDARD CONDITIONS OF SUPERVISION

1)  the defendant shall not leave the judicial district without the permission of the court or probation officer;
2)  the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3)  the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4)  the defendant shall support his or her dependents and meet other family responsibilities;
5)  the defendant shall obtain and maintain full time, legitimate employment, or attend a vocational or academic training program throughout the term of supervised release as directed by the probation officer;
6)  the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7)  the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8)  the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9)  the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement;

Defendant: **Devon Lynn Townsend**
Case Number: **1:07CR01363-001WJ**

<h1 style="text-align:center">SPECIAL CONDITIONS OF SUPERVISION</h1>

**The defendant must participate in and successfully complete a mental health treatment program, which may include outpatient counseling, residential placement, or prescribed medication as approved by the probation officer. The defendant may be required to pay a portion of the cost of this treatment as determined by the Probation Office.**

**The Defendant shall have no contact with the victims and/or their family and household members during any period of incarceration or supervision either directly or indirectly as further defined in paragraph 11 of the December 11, 2006, Restraining Order entered against the Defendant in Bennington v. Townsend in the Superior Court of California, County of Orange, Case No. 06HL05071.**

**The Defendant shall consent to the United States Probation Office conducting periodic unannounced examinations of her computer(s), hardware, and software which may include retrieval and copying of all data from her computer(s). This also includes the removal of such equipment, if necessary, for the purpose of conduction a more thorough inspection.**

**The Defendant shall consent, at the direction of the United States Probation Officer, to having installed on her computer(s), any hardware or software systems to monitor her computer use. The Defendant understands that the software may record any and all activity on her computer(s), including the capture of keystrokes, application information, Internet use history, e-mail correspondence, and chat conversations. Monitoring will occur on a random and/or regular basis. The Defendant further understands that she will warn others of the existence of the monitoring software placed on her computer(s) or any such computer(s) the Defendant may have access to.**

**The Defendant understands that the probation officer may use measures to assist in monitoring compliance with these conditions such as placing tamper resistant tape over unused ports and sealing her computer case(s) and conducting a periodic hardware/software audit of her computer(s).**

**The Defendant shall maintain a current inventory of her computer access including but not limited to any bills pertaining to computer access; and shall submit on a monthly basis and card receipts/bills, telephone bills used for modem access, or any other records accrued in the use of a computer to the probation officer.**

**The Defendant shall not make any changes to her computer services, user identifications, or passwords without the prior approval of the probation officer.**

AO 245B (Rev.12/03) Sheet 5, Part A - Criminal Monetary Penalties                                    Judgment - Page 6 of 6

Defendant: **Devon Lynn Townsend**
Case Number: **1:07CR01363-001WJ**

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments.

☐        The Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

| Totals: | Assessment | Fine | Restitution |
|---------|------------|------|-------------|
|         | **$300**   | **$0.00** | **$0.00** |

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

A        ☒   In full immediately; or

B        ☐   $  immediately, balance due (see special instructions regarding payment of criminal monetary penalties).

**Special instructions regarding the payment of criminal monetary penalties:Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.**

**Consistent with a stipulation in the Plea Agreement, the Defendant forfeits her rights, title, and interest to the United States in all computers and associated items listed in paragraph 10(f) of the plea agreement.**

**The Court reserves ruling on restitution.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.